Honorable Charles J. Becker Representative, District 123 P. O. Box 22 Arnold, Missouri 63010
Dear Representative Becker:
This opinion letter is issued in response to your request for a ruling on the following questions:
 May the licensee of an establishment licensed under the liquor laws of this state refuse service or entry to a person between the ages of 18 and 21 years who does not intend to consume intoxicating liquor on the premises? May he order the minor to leave?
 Is the answer to the above-stated question affected if the minor is accompanied by a person over the age of 21 years?
We understand that your inquiry is directed to the question of whether statutes or state liquor regulations are violated in the factual situation you described and your inquiry does not pertain to municipal ordinances.
In order to place these questions in their proper perspective, two explanatory matters should be noted. First, the exclusion of minors from licensed premises is not required by state law. Section311.310, RSMo 1969, makes it unlawful for any licensee to sell, vend, give away, or otherwise supply intoxicating liquor to any person under the age of 21. Additionally, Rule 70-2.140(15) of the Rules and Regulations of the Supervisor of Liquor Control states that no licensee shall permit anyone under the age of 21 to consume intoxicating liquor on or about his licensed premises. There is no state law or agency regulation in Missouri which, per se, prohibits a minor from entering or remaining on licensed premises even without consuming intoxicating liquor, although several other states do have such a law (see, e.g., Article XX, Section 537(a)(7), Okla. Stat. Ann.; Section 66.44.310, Revised Code of Washington).
Secondly, a violation of Section 311.310 or of Rule 70-2.140(15) would subject the licensee to suspension or revocation of his liquor license, Section 311.660, RSMo. Thus, as a practical matter, a licensee whose establishment attracts young patrons or is dimly lit might feel that he can best prevent these violations by excluding minors altogether.
Since licensees are not required by law to exclude minors from licensed premises, it must then be determined whether any law prohibits
them from doing so. The liquor laws of Missouri contain no such prohibition, and the only other statute which might possibly apply would be the Missouri Public Accommodations Law, Chapter 314, RSMo. Section 314.010 of that Act provides that all persons are entitled to the full and equal use of public accommodations ". . . without discrimination or segregation on the grounds of race, creed, color, religion, national origin or ancestry."
Assuming that a liquor-licensed establishment constitutes a place of public accommodation as defined in Chapter 314, the language of Section 314.010 does not prohibit discrimination on the basis of age. Accordingly, Chapter 314 would not prohibit a licensee from excluding minors from his licensed premises. The federal public accommodation law similarly contains no prohibition against discrimination on the basis of age. See 42 U.S.C. § 2000a.
Finding no other state statute which would apply to the rights of minors in this situation, it is the conclusion of this office that a licensee is not prohibited by any state law from either refusing service or denying entry to minors on his licensed premises. And since entry may be refused to a minor initially, the licensee would similarly be free to order the minor to leave the premises if entry is gained.
Your second question seeks to determine the effect, if any, on the conclusions stated above when the minor is accompanied by a person over the age of 21. We have been unable to find any statute, case law, regulation, or opinion which indicates that the presence of an adult is in any way relevant to the foregoing conclusions. It is, therefore, the opinion of this office that the presence of an adult would not alter the rights of a licensee with respect to minors on the premises.
Yours very truly,
 JOHN C. DANFORTH Attorney General